UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-61020-CIV-COHN-SELTZER

IGNACIO DAMIAN FIGUEROA,

     Plaintiff,

v.

LYNN SZYMONIAK, ESQUIRE, individually
and as shareholder/member/owner of The
Szymoniak Firm, P.A.; THE SZYMONIAK
FIRM, P.A., a Florida professional association;
HAL J. KLEINMAN, ESQUIRE, individually;
JANET, JENNER & SUGGS, LLC,

     Defendants.

_____/

## PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

     Plaintiff, IGNACIO DAMIAN FIGUEROA, by and through his undersigned counsel, respectfully requests that he be permitted leave to amend his Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) and in accordance with the Scheduling Order set forth by this court for amendments to the complaint (D.E. 25). Plaintiff's proposed Amended Complaint and Demand for Jury Trial is attached to this motion as **Exhibit A**.

**ST. DENIS & DAVEY, P.A.**

s/ Eric M. Bradstreet
**DONALD W. ST. DENIS, ESQUIRE**
Florida Bar Number 0794864
don@sdtriallaw.com
**ERIC M. BRADSTREET, ESQUIRE**
Florida Bar No.: 0034946
eric@sdtriallaw.com
1300 Riverplace Boulevard, Suite 401
Jacksonville, FL  32207
(904) 396-1996 – Telephone
(904) 396-1991 – Facsimile
Attorneys for Plaintiff

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(B), I hereby certify that counsel for the movant has attempted to confer by e-mail sent at 12:07 PM on August 9, 2013 with all parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to do so. Counsel for one set of defendants was travelling and counsel for the other set of defendants could not reach the client for their position.

s/ Eric M. Bradstreet
Eric M. Bradstreet, Esquire
Florida Bar No.: 0034946

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system on August 9, 2013, which will send a notice of electronic filing all counsel or parties of record on the Service List below.

s/ Eric M. Bradstreet
Eric M. Bradstreet, Esquire
Florida Bar No.: 0034946

## SERVICE LIST

**_Marjorie Salem Hensel, Esquire_**
_Attorney for Defendants Hal J. Kleinman, Esq. and Janet, Jenner & Suggs, LLC_
Hinshaw & Culbertson, LLP
100 S. Ashley Drive, Suite 500
Tampa, FL  33602
E-mail: mhensel@hinshawlaw.com

**_James H. Wyman, Esquire_**
_Attorney for Defendants Hal J. Kleinman, Esq. and Janet, Jenner & Suggs, LLC_
Hinshaw & Culbertson, LLP
2525 Ponce de Leon Boulevard, 4th Floor
Coral Gables, FL 33134
Primary E-mail:  jwyman@hinshawlaw.com
Secondary E-mail: pvarela@hinshawlaw.com

**_Mark A. Cullen, Esquire_**
**_Tamara H. Sager, Esquire_**
_Attorneys for Defendants, Szymoniak_
The Cullen Law Firm, P.A.
2090 Palm Beach Lakes Boulevard, Suite 500
West Palm Beach, FL  33409
Primary E-mail:  mailbox@cullenlawfirm.net

**_G. Michael Keenan, Esquire_**
_Attorneys for Defendants, Szymoniak_
G. Michael Keenan, P.A.
1700 Old Okeechobee Road, Suite 103
West Palm Beach, FL  33409
Primary E-mail:  gmk@gmichaelkeenanlaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-61020-CIV-COHN-SELTZER


IGNACIO DAMIAN FIGUEROA,

       Plaintiff,

v.

LYNN SZYMONIAK, ESQUIRE, individually
and as shareholder/member/owner of The
Szymoniak Firm, P.A.; THE SZYMONIAK
FIRM, P.A., a Florida professional association;
HAL J. KLEINMAN, ESQUIRE, individually;
JANET, JENNER & SUGGS, LLC,

       Defendants.

_____/

## INCORPORATED MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

### INTRODUCTION

Plaintiff seeks leave to file an Amended Complaint in order to clarify Plaintiff's allegations and theories of recovery, plead for a constructive trust on the relator's proceeds in the underlying and plead for disgorgement and punitive damages against Defendant LYNN SZYMONIAK, ESQUIRE and THE SZYMONIAK FIRM, P.A. Plaintiff's motion is within the time set by this court in its Scheduling Order for amendments to the complaint (D.E. 25).

On March 4, 2013, Plaintiff filed his original Complaint and Demand for Jury Trial in state circuit court. Plaintiff generally alleged that he entered into an attorney-client relationship with Defendant LYNN SZYMONIAK, that he relied upon her to represent him in a potential Civil False Claims *qui tam* action, that Defendant LYNN SZYMONIAK associated Defendants HAL J.

KLEINMAN and JANET, JENNER & SUGGS, LLC as co-counsel for Plaintiff's claims, that Defendant LYNN SZYMONIAK misled Plaintiff throughout their attorney-client relationship, and that ultimately Defendant LYNN SZYMONIAK prevailed as relator in a *qui tam* case while being represented by Defendant JANET, JENNER & SUGGS, LLC.

Plaintiff seeks leave to amend his complaint to clarify his allegations based upon e-mails and information exchanged in discovery. Plaintiff also seeks leave to amend his complaint to add claims for punitive damages against Defendant LYNN SZYMONIAK and THE SZYMONIAK FIRM, P.A.

## ARGUMENT

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleadings by leave of court or by written consent of the adverse party, and that the "court should freely give leave when justice so requires." Although the decision to grant leave to amend is within the discretion of the trial court, that "discretion is severely circumscribed." *Coppola v. Casaro Labs, Ltd.*, 2013 U.S. Dist. LEXIS 81760 (S.D. Fla. June 11, 2013). The Supreme Court has indicated that leave to amend should not be denied without a reason "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

**I.**     **Plaintiff's Motion to Amend is Not Untimely, Not in Bad Faith, and Not Prejudicial**

Plaintiff seeks leave to amend within the schedule set by the court. Thus there is no undue delay, bad faith or dilatory motive on the part of Plaintiff in moving to amend. Furthermore, this is Plaintiff's first request to amend his complaint. To date, the parties have only completed part of

Plaintiff's deposition. Therefore, there is no prejudice to the opposing parties, as they can seek to question Plaintiff about his new allegations during his deposition.

Plaintiff originally filed his complaint in state court. In Florida, a Plaintiff ordinarily may not plead for punitive damages in an original complaint sounding in tort, but must seek leave to add a punitive damage claim based upon evidence in the record or proffered by the Plaintiff. Section 768.72(1), Fla. Stat. (2013). Therefore, Plaintiff did not make a claim for punitive damages in his original complaint.

**II.     Plaintiff's Motion to Amend is Not Futile**

The amendment is not futile. Since Plaintiff's claims against the Defendants arise under Florida law, Florida law governs the standard (though not the pleading requirements) for collecting punitive damages.

A.     Standard for Punitive Damages

Pursuant to Section 768.72(2), Fla. Stat. (2013), "a defendant may be held liable for punitive damages only if the trier of fact, based on clear and convincing evidence, finds that the defendant was personally guilty of intentional misconduct." Intentional misconduct means "the defendant had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to the claimant would result, and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury or damage." Section 768.72(2)(a), Fla. Stat. (2013).

A finding of liability alone for breach of fiduciary duty will support an award for punitive damages. *Mortellite v. Mills*, 819 So.2d 928, 934-935 (Fla. 2d DCA 2002) (citing *Ault v. Lohr*, 538 So.2d 454 (Fla. 1989) and *Lassitter v. International Union of Operating Engineers*, 349 So.2d 622 (Fla. 1976)).

Furthermore, in the case of an "employer, principal, corporation, or other legal entity, punitive damages may be imposed for the conduct of an employee or agent only if the conduct of the employee or agent meets the criteria specified in subsection (2) and: (a) The employer, principal, corporation, or other legal entity actively and knowingly participated in such conduct; (b) The officers, directors, or managers of the employer, principal, corporation, or other legal entity knowingly condoned, ratified, or consented to such conduct; or (c) The employer, principal, corporation, or other legal entity engaged in conduct that constituted gross negligence and that contributed to the loss, damages, or injury suffered by the claimant." Section 768.72(3), Fla. Stat. (2013).

Although the standard for punitive damages for torts arising under Florida law is now set by statute, Florida case law that predates the enactment of Section 768.72 remains instructive in that it shows generally that Florida courts recognize the availability of punitive damages against attorneys and law firms.

Punitive damages against attorneys are available upon a finding that the attorneys acted "oppressively and with indifference to the persons and property rights of others" and that their behavior had been "egregious", "self serving" and "unconscionable".  *Stinson and Spriggs v. Feminist Women's Health Center, Inc.*, 416 So.2d 1183, 1185 (Fla. 1st DCA 1982).

Courts interpreting Florida law have even held that a defendant-attorney in a breach of contract action suit may be held liable for punitive damages where the conduct constituting the breach also amounts to an independent tort, and that malice could be imputed "since that alleged conduct was both oppressive and showed such a great indifference to the persons and property rights of others…"  *Singleton v. Foreman*, 435 F.2d 962, 971 (5th Cir. 1970).

"In Florida, as elsewhere, the attorney-client relationship is regarded as demanding an extremely high standard of conduct. The attorney is under a duty to represent his client with the 'utmost degree of honesty, forthrightness, loyalty and fidelity.' He must resign if at any time in the course of litigation his interest in the suit becomes 'adverse or hostile to his client.' Hostility or adverse positions need not always be of an economic character. Indeed, custom requires that the attorney treat his clients with civility, common decency, and loyalty, both as to legal problems and as to their personal relationships." Id. at 970 (internal citations omitted).

B.   Facts Supporting a Finding of Intentional Wrongdoing on Behalf of Defendant Szymoniak

After Defendant Szymoniak solicited Plaintiff, the two met at a "Foreclosure Happy Hour" on February 9, 2010. Although the parties dispute the scope of their conversation that evening, Plaintiff maintains that the two extensively discussed a potential *qui tam* action. Defendant Szymoniak expressed to Plaintiff that she was his lawyer in the hours following that meeting. **Exhibit B**. On February 16, 2010 at 10:20 PM, Plaintiff forwarded an e-mail to Defendant Szymoniak, informing her that somebody had approached him to join him in a *qui tam* suit. **Exhibit C**. The very next morning at 6:01 AM, Defendant Szymoniak sent a retainer agreement to Plaintiff via email. **Exhibit D**. The timing of Defendant Szymoniak's sending the retainer agreement to Plaintiff is evidence that Plaintiff would bring his information, ideas and theories to somebody else if he hadn't formally retained an attorney, and therefore decided to sign him up to keep him quiet. Plaintiff and Defendant Szymoniak exchanged a number of e-mails about a potential False Claims Act the very morning that Defendant Szymoniak sent the retainer agreement and throughout the following day. **Composite Exhibit E**. In the first such e-mail, Defendant Szymoniak instructed Plaintiff to let her know if he wants to file a *qui tam* action

together, to which he responded "[i]f it makes it a much stronger case for us to file together I am with you…". Plaintiff clearly expressed to Defendant Szymoniak that he wants to pursue a *qui tam* action, and would consider filing it with her if it makes his claims stronger.

Throughout the next few months, Plaintiff and Defendant Szymoniak exchanged hundreds of e-mails about mortgage foreclosure fraud. Plaintiff believed that these e-mails were in furtherance of his claims, including his potential *qui tam* claim. For example, on April 4, 2010, Plaintiff e-mailed two lists of authorized LPS signers to Defendant Szymoniak. Defendant Szymoniak replied by e-mailing paragraphs of what appears to be a draft False Claims Act complaint. **Composite Exhibit F.**

On June 28, 2010, Defendant Szymoniak informed Plaintiff that she had not filed a *qui tam* and had not found anyone willing to do so. **Composite Exhibit G** (without attachments). During this e-mail exchange, Plaintiff assured Defendant Szymoniak that he had not told anybody else about the *qui tam* idea because she had told him to keep it between them. Importantly, Defendant Szymoniak did not tell Plaintiff that she wouldn't continue attempting to find help to bring his *qui tam* and did not tell Plaintiff that he should seek out other counsel; merely that he should consider it if he is approached by another lawyer.

On July 8, 2010, Plaintiff asked Defendant Szymoniak whether a class action lawsuit would conflict with anything they had planned and expressed to her that his loyalty was still with her. Defendant Szymoniak again replied that she could not get her group to act. **Composite Exhibit H.**

Contrary to the representations made by Defendant Szymoniak on June 28 and July 8, a *qui tam* action had been filed in South Carolina on behalf of Defendant Szymoniak in early June 2010. Plaintiff later learned that Defendant Szymoniak, represented by the very attorneys that

she had represented to Plaintiff as being her co-counsel, received a relator award of $18,000,000.

**Exhibit I**.

The above facts clearly support a finding that Defendant Szymoniak intentionally misled Plaintiff, solicited information, ideas and theories from him under the pretense of the attorney-client relationship that she later used for her benefit, and used the attorney-client relationship to prevent Plaintiff from seeking other legal advice and options for pursuing a *qui tam* action. As such, it would not be futile to allow Plaintiff to amend his complaint to seek punitive damages against Defendants Szymoniak and The Szymoniak Firm, P.A.

## CONCLUSION

Given the liberal standard for allowing amendments to pleadings, this court should grant Plaintiff's Motion to Amend Complaint. The motion is timely, there is no prejudice to the Defendants, and the amendments sought are not futile.

**ST. DENIS & DAVEY, P.A.**

s/ Eric M. Bradstreet
**DONALD W. ST. DENIS, ESQUIRE**
Florida Bar Number 0794864
don@sdtriallaw.com
**ERIC M. BRADSTREET, ESQUIRE**
Florida Bar No.: 0034946
eric@sdtriallaw.com
1300 Riverplace Boulevard, Suite 401
Jacksonville, FL  32207
(904) 396-1996 – Telephone
(904) 396-1991 – Facsimile
Attorneys for Plaintiff

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(B), I hereby certify that counsel for the movant has attempted to confer by e-mail sent at 12:07 PM on August 9, 2013 with all parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to do so. Counsel for one set of defendants was travelling and counsel for the other set of defendants could not reach the client for their position.

s/ Eric M. Bradstreet
Eric M. Bradstreet, Esquire
Florida Bar No.: 0034946

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system on August 9, 2013, which will send a notice of electronic filing all counsel or parties of record on the Service List below.

s/ Eric M. Bradstreet
Eric M. Bradstreet, Esquire
Florida Bar No.: 0034946

## SERVICE LIST

**Marjorie Salem Hensel, Esquire**
*Attorney for Defendants Hal J. Kleinman, Esq. and Janet, Jenner & Suggs, LLC*
Hinshaw & Culbertson, LLP
100 S. Ashley Drive, Suite 500
Tampa, FL 33602
E-mail: mhensel@hinshawlaw.com

**James H. Wyman, Esquire**
*Attorney for Defendants Hal J. Kleinman, Esq. and Janet, Jenner & Suggs, LLC*
Hinshaw & Culbertson, LLP
2525 Ponce de Leon Boulevard, 4th Floor
Coral Gables, FL 33134
Primary E-mail: jwyman@hinshawlaw.com
Secondary E-mail: pvarela@hinshawlaw.com

*Mark A. Cullen, Esquire*
*Tamara H. Sager, Esquire*
*Attorneys for Defendants, Szymoniak*
The Cullen Law Firm, P.A.
2090 Palm Beach Lakes Boulevard, Suite 500
West Palm Beach, FL  33409
Primary E-mail:  mailbox@cullenlawfirm.net

*G. Michael Keenan, Esquire*
*Attorneys for Defendants, Szymoniak*
G. Michael Keenan, P.A.
1700 Old Okeechobee Road, Suite 103
West Palm Beach, FL  33409
Primary E-mail:  gmk@gmichaelkeenanlaw.com