UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-61020-CIV-COHN/SELTZER

IGNACIO DAMIAN FIGUEROA,

      Plaintiff,

v.

LYNN SZYMONIAK, ESQUIRE,
individually and as shareholder/member/
owner of The Szymoniak Firm, P.A.;
THE SZYMONIAK FIRM, P.A.,
a Florida professional association;
HAL J. KLEINMAN, ESQUIRE, individually;
and JANET, JENNER & SUGGS, LLC,

      Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

**THIS CAUSE** is before the Court upon Plaintiff's Motion to Remand [DE 20]

("Motion"). The Court has carefully reviewed the Motion, Defendants' Responses

[DE 31, 33], the record in this case, and is otherwise fully advised in the premises.[1]

## I.    Background

On March 4, 2013, Plaintiff Ignacio Damian Figueroa filed this action against two

attorneys and their respective law firms (collectively, "Defendants") in the Circuit Court

of the Seventeenth Judicial Circuit in and for Broward County, Florida. See DE 1-1

(Compl.). Plaintiff contends that starting in February 2010, he communicated

extensively with Defendant Lynn Szymoniak, Esq., about information Plaintiff had

---

[1] The parties have also filed a Motion to Transfer [DE 29], six Motions to Compel [DE 39, 41, 47, 49, 51, 53], a Motion to Amend [DE 43], and two Motions to Continue [DE 44, 55]. Because the Court concludes that this action should be remanded to state court, these motions will be denied as moot.

obtained regarding fraudulent practices in the home-mortgage industry.  Because these practices allegedly defrauded the United States, Plaintiff claims that Szymoniak led him to believe that she intended to file a qui tam action under the federal False Claims Act naming Plaintiff as the relator.  Later in 2010, however, Defendant Janet, Jenner & Suggs, LLC, (the "Janet Firm") and another law firm filed two qui tam actions naming Szymoniak as the relator.[2]  Plaintiff maintains that those suits were brought without his knowledge and relied on information that Szymoniak had solicited from Plaintiff. Plaintiff further asserts that due to their role in the qui tam actions, Defendants received $18 million from a partial settlement of related claims brought by the United States against mortgage lenders and servicers.  Plaintiff's Complaint pleads claims for legal malpractice and breach of fiduciary duty against Defendants Szymoniak, The Szymoniak Firm, P.A., Hal J. Kleinman, Esq., and the Janet Firm, as well as claims for unjust enrichment and fraud against Szymoniak.  See DE 1-1 at 15-27.

On May 1, 2013, Szymoniak and The Szymoniak Firm, P.A., (together, the "Szymoniak Defendants") removed the case to this Court based on federal-question jurisdiction.  See DE 1 at 1 (Notice of Removal); 28 U.S.C. § 1441(a); 28 U.S.C. § 1331.[3]  The Notice of Removal makes the following allegations to support federal jurisdiction:

---

[2]  The qui tam actions were filed in the District of South Carolina and the Western District of North Carolina.  The North Carolina action was later transferred to the South Carolina federal court.  Both suits remain pending.  See United States ex rel. Szymoniak v. Am. Home Mortg. Servicing Inc., No. 0:10-cv-01465-JFA (D.S.C. filed June 4, 2010); United States ex rel. Szymoniak v. ACE Sec. Corp., No. 0:13-cv-00464-JFA (D.S.C. filed Nov. 12, 2010).

[3]  The parties do not dispute that complete diversity of citizenship is lacking here and therefore that federal diversity jurisdiction does not exist.  See 28 U.S.C. § 1332(a).

4.      Plaintiff's Complaint is for recovery of Plaintiff's alleged *qui tam* relator share of proceeds awarded to Defendant Szymoniak as a relator brought pursuant to the Civil False Claims Act.  31 USC 3729.  The District Court has the appropriate jurisdiction to determine Lynn Szymoniak's share of any recovery as a relator, pursuant to 31 U.S.C. § 3730(d).

5.      This Court has original jurisdiction over Plaintiff's claims under the Civil False Claims Act, 31 U.S.C. § 3729 *et seq.*

DE 1 at 2.  Kleinman and the Janet Firm consented to and joined in the Szymoniak Defendants' Notice of Removal.  <u>See</u> DE 11.  Plaintiff now moves to remand this action to state court, asserting that the case "does not arise under federal law and therefore this Court does not have jurisdiction over the matter."  DE 20 at 1; <u>see</u> 28 U.S.C. § 1447(c).  Defendants have filed Responses opposing the Motion, which is ripe for decision.  <u>See</u> DE 31, 33.

## II.   Discussion

### A.   Legal Standards

A defendant in a state-court action may remove the case to federal court if "the district courts of the United States have original jurisdiction" over the action. 28 U.S.C. § 1441(a).  "A removing defendant bears the burden of proving proper federal jurisdiction."  <u>Leonard v. Enter. Rent a Car</u>, 279 F.3d 967, 972 (11th Cir. 2002). Removal statutes are strictly construed, and all doubts are resolved in favor of remand. <u>See</u> <u>Miedema v. Maytag Corp.</u>, 450 F.3d 1322, 1328-29 (11th Cir. 2006).

Here, Defendants seek to remove this action on the ground that it "aris[es] under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  The Supreme Court has explained that "a case can 'aris[e] under' federal law in two ways." <u>Gunn v. Minton</u>, 133 S. Ct. 1059, 1064 (2013) (alteration in original).  <u>First</u>, an action arises under federal law "when federal law creates the cause of action asserted."  <u>Id.</u>

This rule "admits of only extremely rare exceptions and accounts for the vast bulk of suits that arise under federal law." Id. (citations omitted).  To determine whether federal law creates the cause of action, courts apply "the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987); see Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1295 (11th Cir. 2008).

Second, even if the claims alleged are based on state law, there exists "a 'special and small category' of cases in which arising under jurisdiction still lies." Gunn, 133 S. Ct. at 1064-65 (quoting Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 699 (2006)).  Such cases must "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005).  Accordingly, "federal jurisdiction over a state law claim will lie if a federal issue is:  (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Gunn, 133 S. Ct. at 1065.

**B.    Analysis of Plaintiff's Motion**

In support of removal jurisdiction, Defendants first contend that Plaintiff is asserting a qui tam claim under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729–3733, because he seeks a "share of proceeds awarded to Defendant Szymoniak as a relator." DE 1 at 2; see DE 33 at 3-8.  But Plaintiff's Complaint refutes this argument.  All of the claims pleaded in the Complaint—legal malpractice, breach of fiduciary duty, unjust

enrichment, and fraud—are based on state common law.  <u>See</u> DE 1-1 at 15-27.  These

claims allege that Defendants breached legal duties to Plaintiff by (1) leading him to

believe that Defendants would name him as a relator in a qui tam action, (2) soliciting

information from Plaintiff about fraudulent mortgage practices, and (3) using that

information to support the qui tam actions brought by Szymoniak.  Further, Plaintiff

contends that Defendants' conduct harmed him by "precluding any possible recovery by

[Plaintiff] as a relator," including in Szymoniak's cases or in other potential actions.

DE 1-1 at 16-17, 19, 21-22, 24, 26-27; <u>see</u> <u>id.</u> at 20 (alleging that Szymoniak was

unjustly enriched and seeking to recover "the compensation she received and will

receive as the relator in the Qui Tam actions").  Nowhere in the Complaint, however,

does Plaintiff assert a claim based on the FCA itself.  <u>See</u> 31 U.S.C. § 3729 (defining

acts that create liability under FCA); 31 U.S.C. § 3730 (addressing civil false-claims

actions).  Indeed, as a result of Szymoniak's qui tam actions, Plaintiff is barred from

bringing such a claim.  <u>See</u> 31 U.S.C. § 3730(b)(5) ("When a person brings an action

under this subsection, no person other than the Government may intervene or bring a

related action based on the facts underlying the pending action.").  As Plaintiff explains,

he "has not alleged that he is entitled to recover directly from the *qui tam* funds, but

under tort and contract theories from the Defendants."  DE 20 at 4.  Since the claims

pleaded in the Complaint are based solely on state law, the Court rejects Defendants'

argument that Plaintiff is asserting a federal cause of action.  <u>See</u> <u>Beneficial Nat'l Bank</u>

<u>v. Anderson</u>, 539 U.S. 1, 6 (2003) (explaining that a case generally may not be

removed as "arising under" federal law "if the complaint does not affirmatively allege a

federal claim").

Defendants also maintain that this action falls within the narrow category of cases in which federal-question jurisdiction exists over state-law claims.  The Court finds that the first two requirements for exercising jurisdiction over such cases—that a federal issue is necessarily raised and actually disputed—are satisfied here.  In general, all of Plaintiff's claims require proof that Defendants' alleged misconduct caused injury to Plaintiff by preventing him from recovering as a relator in qui tam actions concerning fraudulent mortgage practices.  For example, to prove his legal-malpractice claims, Plaintiff must show that (1) Defendants were employed as Plaintiff's attorneys, (2) Defendants neglected a reasonable duty, and (3) Defendants' negligence was the proximate cause of loss to Plaintiff.  See Reed v. Schutz Litig. LLC, __ So. 3d __, 2013 WL 3814315, at *2 (Fla. 2d DCA July 24, 2013).  To establish the loss-causation element, Plaintiff must demonstrate that he would have been awarded a relator share in a qui tam action but for Defendants' negligence.  See id. (citing Tarleton v. Arnstein & Lehr, 719 So. 2d 325, 328 (Fla. 4th DCA 1998)).[4]  That issue will require the trier of fact to evaluate the merits of Plaintiff's potential FCA claims—a determination that will necessarily raise federal issues.  Cf. Gunn, 133 S. Ct. at 1065 (holding that legal-malpractice claim based on handling of patent action would "necessarily require application of patent law to the facts of [plaintiff's] case").  More, the pleadings make clear that the parties actually dispute whether Plaintiff could have brought a successful qui tam action.  Compare DE 1-1 (Compl.) (alleging that Defendants' misconduct

---

[4]  Similar proof of loss causation will be required for Plaintiff's other claims. See CMH Homes, Inc. v. LSFC Co., __ So. 3d __, 2013 WL 4054908, at *1-*2 (Fla. 1st DCA Aug. 13, 2013) (unjust enrichment); Simon v. Celebration Co., 883 So. 2d 826, 833 (Fla. 5th DCA 2004) (fraud); Bernstein v. True, 636 So. 2d 1364, 1367 (Fla. 4th DCA 1994) (breach of fiduciary duty).

prevented Plaintiff from recovering as qui tam relator), with DE 18 (Defs. Kleinman and

the Janet Firm's Answer and Affirmative Defenses) (denying Plaintiff's allegations and

pleading affirmative defenses, including that Plaintiff did not qualify as a qui tam

relator), and DE 19 (Szymoniak Defs.' Answer and Affirmative Defenses) (similar).

The Court concludes, however, that the federal issues presented in this case are

not substantial.  The substantiality analysis focuses not on whether a federal issue is

"significant to the particular parties in the immediate suit," but "looks instead to the

importance of the issue to the federal system as a whole."  Id. at 1066.  As the Eleventh

Circuit recently observed, "the Supreme Court has identified three factors to assist in

this inquiry":

> First, a pure question of law is more likely to be a substantial
> federal question.  Second, a question that will control many
> other cases is more likely to be a substantial federal
> question.  Third, a question that the government has a
> strong interest in litigating in a federal forum is more likely to
> be a substantial federal question.

MDS (Canada) Inc. v. Rad Source Techs., Inc., 730 F.3d 833, 842 (11th Cir. 2013)

(per curiam) (citations omitted).  The federal issues raised by Plaintiff's claims in this

action are not purely legal questions.  Rather, they depend largely on the specific facts

regarding Plaintiff's knowledge of the alleged fraudulent mortgage practices and the

source of that knowledge.  See 31 U.S.C. § 3730(e)(4) (describing "public disclosure"

bar to FCA recovery and "original source" exception to that rule).  And because these

questions are fact-specific, their resolution is unlikely to control the outcome of other

cases.  See MDS (Canada) Inc., 730 F.3d at 842.  Also, while the United States

generally has a substantial interest in litigating false-claims issues, that interest is

limited here.  This case does not directly concern liability for federal false claims but

instead focuses on whether Defendants wrongfully prevented Plaintiff from bringing such claims.  Too, the United States has declined to intervene in Szymoniak's qui tam actions.  See United States ex rel. Szymoniak v. Am. Home Mortg. Servicing Inc., No. 0:10-cv-01465-JFA, DE 147 (D.S.C. Aug. 1, 2013); United States ex rel. Szymoniak v. ACE Sec. Corp., No. 0:13-cv-00464-JFA, DE 75 (D.S.C. Aug. 1, 2013).

Nor are the federal issues here "capable of resolution in federal court without disrupting the federal-state balance approved by Congress."  Gunn, 133 S. Ct. at 1065. Again, though Plaintiff's claims do raise certain federal issues, the crux of those claims is that the Defendant attorneys committed malpractice and other misconduct in their representation of Plaintiff.  The State of Florida has a strong interest in addressing such alleged behavior by attorneys practicing in Florida or representing clients in this state. See Goldfarb v. Va. State Bar, 421 U.S. 773, 792 (1975) ("The interest of the States in regulating lawyers is especially great since lawyers are essential to the primary governmental function of administering justice, and have historically been 'officers of the courts.'").  The Florida courts, moreover, are entirely capable of resolving the federal issues presented in this case.  See Adventure Outdoors, Inc., 552 F.3d at 1301.

Defendants argue that allowing a state court to decide whether Plaintiff would have been a proper qui tam relator may conflict with the pending adjudication of Szymoniak's qui tam cases in the District of South Carolina.  According to Defendants, a determination by the state court that Plaintiff qualified as a qui tam relator would amount to a ruling that Szymoniak is not a proper relator and, therefore, that the South Carolina federal court lacks jurisdiction over her FCA claims.  Defendants note that an individual cannot bring a qui tam action based on "publicly disclosed" information unless the person is "an original source of that information."  31 U.S.C. § 3730(e)(4).  But even

if the FCA's public-disclosure provision applies here, nothing in the statute suggests that only one individual can be "**an** original source." See 31 U.S.C. § 3730(e)(4)(B) (defining "original source" as "**an** individual who either" (1) voluntarily disclosed information to the Government before it became public or (2) voluntarily provided "knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions" (emphases added)). Thus, a finding in this case that Plaintiff could have been a proper relator would not implicate the South Carolina district court's jurisdiction in the qui tam actions.

The Court also rejects Defendants' claim that an award of monetary relief to Plaintiff in this action "may . . . impinge[] upon" the South Carolina federal court's determination of whether Szymoniak is entitled to a relator share of any recovery in the qui tam cases. DE 33 at 14. Though the Court recognizes that the qui tam actions are still ongoing, Plaintiff alleges that Szymoniak and the other Defendants have already received $18 million in settlement proceeds based on their role in the FCA actions. In any event, regardless of Szymoniak's ultimate recovery the qui tam actions, Plaintiff is entitled to pursue damages resulting from Defendants' alleged misconduct here. While the amount of Szymoniak's recovery may be relevant to Plaintiff's damages, the monetary relief sought here is not strictly tied to Szymoniak's success in the pending FCA cases. And despite Defendants' argument to the contrary, any assessment of damages in this case will not be binding on the South Carolina federal court.[5]

---

[5] Defendants further contend that Plaintiff should seek to intervene in the South Carolina qui tam cases. Aside from the points discussed above, this argument is foreclosed by the FCA, which bars intervention by anyone other than the Government. See 31 U.S.C. § 3730(b)(5).

In sum, this action neither is based on federal law nor falls within the "'special and small category' of [state-law] cases in which arising under jurisdiction still lies." Gunn, 133 S. Ct. at 1064-65 (quoting McVeigh, 547 U.S. at 699).  The Court therefore lacks subject-matter jurisdiction, and the case must be remanded to state court. See 28 U.S.C. § 1447(c).

III.    **Conclusion**

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1.    Plaintiff's Motion to Remand [DE 20] is **GRANTED**, and this case is **REMANDED** to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida;

2.    The Clerk of this Court is hereby directed to forward a certified copy of this Order to the Clerk of the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, with reference to Case No. 13-06883; and

3.    The Clerk of this Court is further directed to **CLOSE** this case and **DENY AS MOOT** all other pending motions.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 22nd day of August, 2013.

JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF